## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| The Louisiana Wildlife and Fisheries Commission and the Louisiana Department of Wildlife and Fisheries<br><br>        *Plaintiffs*,<br><br>   v.<br><br>United States Department of the Interior; TDX Energy, LLC; Saline Point Hunting Club, LLC; and W. H. Ward Properties, Inc.<br><br>        *Defendants* | Civil Action<br><br>Case No. 22-cv-2441<br><br>Judge:<br><br>Magistrate Judge: |

## COMPLAINT

### Introduction

1.

Courts of the State of Louisiana have ruled that the waterbody formerly known as Catahoula Lake is instead a river that flows through the Catahoula Basin. These Courts have also ruled that the ordinary low water elevation is 24.08 feet. The elevation of the ordinary low is currently on appeal; the State of Louisiana's position is that the ordinary low water mark is between 27 and 28 feet elevation.

2.

These State courts have also ruled that the riparian landowners own the banks of this river from the ordinary low to the ordinary high water marks.

3.

All parties to this case are riparian landowners or riparian mineral rights owners. The Louisiana Wildlife and Fisheries Commission and the Louisiana Department of Wildlife and Fisheries (collectively "Wildlife") and the United States Department of the Interior (Interior) (jointly "the government parties") are neighbors and own adjoining riverbank property under

these State court rulings. The other parties are neighbors to the government parties, or are mineral rights owners whose mineral rights are congruent with the government property boundaries.

4.

Although the State court rulings determined that the boundary between sovereign water bottoms and non-sovereign property is at the ordinary low water mark, the boundaries of these riparian lands, vis-à-vis each other, are not established through the riverbanks of the waterbody between the ordinary low and the ordinary high water elevations.

5.

Wildlife seeks this Court's assistance in establishing these boundaries and quieting title for all parties. To that end, Wildlife seeks declaratory relief quieting title in these lands by setting the boundaries and putting the parties in possession of their riverbank land.

## Parties

### *Plaintiffs*

6.

The Plaintiffs are the Louisiana Wildlife and Fisheries Commission and the Department of Wildlife and Fisheries (collectively "Wildlife").

7.

The control and supervision of the wildlife of the state, including all aquatic life, is vested in the Louisiana Wildlife and Fisheries Commission. La. R.S. § 36:601. The Commission equips, maintains and controls wildlife management areas.

8.

The Department of Wildlife and Fisheries owns land in LaSalle Parish, Louisiana that lies on the riparian boundary of the Catahoula Basin waterbody at issue.

9.

This land is a wildlife management area is known as the "Dewey W. Wills Wildlife Management Area."

*Defendants*

*Interior*

10.

The first defendant is the United States Department of the Interior ("Interior"). Both the Bureau of Land Management and the U.S. Fish and Wildlife Service are agencies within the Department of the Interior.

11.

Interior, through the U.S. Fish and Wildlife Service, owns riparian land adjacent to land owned by Wildlife.

12.

This land is part of the "Catahoula National Wildlife Refuge."

13.

Interior, through the Bureau of Land Management, manages the United States Government's land, as well as its land patents.

14.

The boundary of this land has not been established through the riverbanks of the waterbody between the ordinary high and ordinary low water marks.

*TDX Energy*

15.

The second defendant is TDX Energy, LLC ("TDX Energy").

16.

TDX Energy is a Louisiana limited liability company with its registered office in Shreveport, Louisiana.

17.

TDX Energy claims that it owns the mineral rights congruent with both Wildlife's and the Interior's riparian land.

18.

Because any resolution of the property boundaries for either Wildlife's or Interior's riverbanks will impact any mineral rights that TDX Energy claims, TDX Energy is a required party that must be joined under Fed. R. Civ. P. 19.

*Saline Point*

19.

The third defendant is Saline Point Hunting Club, LLC ("Saline Point").

20.

Saline Point is a business corporation registered with the State of Louisiana and domiciled in Baton Rouge, Louisiana.

21.

Saline Point shares a riparian boundary with Wildlife. The boundary of this land has not been established through the riverbanks of the waterbody.

*Ward*

22.

The fourth defendant is W. H. Ward Properties, Inc. ("Ward").

23.

Ward is a business corporation registered with the State of Louisiana and domiciled in Tallulah, Louisiana.

24.

Ward shares a riparian boundary with Saline Point and, upon information and belief, now shares or potentially shares a boundary with Wildlife in the riverbanks. The boundary of this land has not been established through the riverbanks of the waterbody.

**Jurisdiction**

25.

The claim Wildlife is asserting against Interior arises under the Quiet Title Act, 28 U.S.C. §§ 2409a.

26.

This Court has jurisdiction over Wildlife's quiet title actions against Interior under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (when United States is a defendant), and 28 U.S.C. §§ 2409a and 1346(f) (over civil actions to quiet title to property claimed by the United States).

27.

This Court has jurisdiction over Wildlife's quiet title actions against TDX Energy, Saline Point and Ward under 28 U.S.C. § 1367 (supplemental jurisdiction).

## Venue

28.

Venue is proper under 28 U.S.C. § 1391(e), because the land at issue is located in LaSalle and Rapides Parishes, Louisiana, which is within the territorial boundaries of the Western District of Louisiana.

## Facts

29.

The waterbody formerly known as Catahoula Lake is navigable.

30.

Under a ruling of the Louisiana Supreme Court, the waterbody formerly known as Catahoula Lake is instead a river:

> Having reviewed the evidence in the record, we find no manifest error with regard to the following factual findings by the trial court: the body of water in the Catahoula Basin in 1812 was a permanent river that seasonally overflowed and covered its banks; the riparian landowners, *i.e.*, the Lake Plaintiffs, own of the land between the ordinary low and ordinary high water mark of the river's bank; and the man-made structures installed in and around the Catahoula Basin caused significant flooding of both the riparian and overflow lands, which obstructed the natural servitude of drainage of the area.

*Crooks v. Dep't of Nat. Res.*, 2019-0160, p. 10 (La. 1/29/20), *opinion corrected on reh'g* (4/9/20).

31.

Louisiana courts have also ruled that the ordinary low water elevation is 24.08 feet (*see Crooks v. Louisiana through Dep't of Nat. Res.*, 2021-716, p. 58 (La. App. 3 Cir. 6/29/22)).

32.

The State of Louisiana through the Department of Natural Resources contends that the ordinary low water mark is a different elevation—about 27.4 feet—and is seeking writs to the

Louisiana Supreme Court on this exact elevation. The determination of the ordinary low water mark is being made by the state courts, and is not an issue for this proceeding.

33.

Regardless of whether the Department of Natural Resources is granted writs by the Louisiana Supreme Court, Wildlife's land will still be bounded in part by the ordinary low water elevation line.

34.

Under the Louisiana Civil Code, the bed of a *lake* is a public thing up to the ordinary high water elevation, but the bed of a *river* is a public thing only up to the ordinary low water elevation. So the riparian landowner of a *lake* owns down to the ordinary *high* water elevation, but the riparian landowner of a *river* owns down to the ordinary *low* water elevation (subject to certain public uses).

35.

Riverbanks cannot be severed from the riparian land. *Pulley v. Municipality No. 2*, 18 La. 278, 282 (1841); *Seibert v. Conservation Comm'n of La.*, 159 So. 375, 377 (La. 1935), *see also* § 5:7. Prerogatives of bank ownership, 2 La. Civ. L. Treatise, Property § 5:7 (5th ed.); *DeSambourg v. Bd. of Comm'rs for Grand Prairie Levee Dist.*, 621 So. 2d 602, 609 (La. 1993), *Municipality No. 2 v. Orleans Cotton Press*, 18 La. 122, 273 (La. 1841); *Heirs of Leonard v. City of Baton Rouge*, 4 So. 241, 243 (La. 1886).

36.

Therefore, under the court rulings, all parties named in this complaint now own the banks of the river adjacent to their riparian land, or, in the case of TDX Energy, now own the mineral rights in the banks of the river adjacent to their riparian mineral rights.

37.

Thus, both the State of Louisiana through the Department of Wildlife and Fisheries and the U.S. Government now respectively own the banks of the river adjacent to the Dewey W. Wills Wildlife Management Area and the Catahoula National Wildlife Refuge extending through the riverbanks to the ordinary low water mark.

38.

When the United States patented the land at issue in the 1800s, it classified Catahoula Lake as a *lake*, thus the patents did not include boundaries through the banks.

39.

Before now, the parties have only defined their boundaries with one another above the riparian boundary delineated in the patents.

40.

These newly acquired riverbanks include miles of property.

41.

The parties have never established their boundaries within these banks.

42.

In order to competently possess and manage their property, the parties need to know what their boundaries are.

## Claims

### *Quiet Title Action*

43.

Based on these facts, Wildlife asserts that it shares property boundaries with Interior, TDX Energy, Saline Point, and Ward that are unsettled.

44.

Wildlife asks this Court quiet title under the Quiet Title Act, 28 U.S.C. §§ 2409a, by issuing a declaratory judgment setting its boundaries with the other parties under 28 U.S.C.A. § 2201.

*Supplemental relief*

45.

If necessary, Wildlife seeks any "further necessary or proper relief based on a declaratory judgment or decree" under 28 U.S.C.A. § 2202.

**Prayer for Relief**

46.

Wildlife asks that this Court:

A. Quiet title by issuing a declaratory judgment establishing the location of the boundaries of Wildlife's riparian property within or adjacent to the waterbody formerly known as Catahoula Lake in LaSalle, Rapides, or Grant Parishes in Louisiana, are located.

B. Retain jurisdiction over this matter until the Defendants have complied with all orders and mandates of this court; and

C. Grant any other equitable or legal relief if warranted under the facts or the law, including any attorneys' fees or costs.

Dated:   August 5, 2022

Respectfully Submitted,

**Jeff Landry**
**Attorney General**

By:/s/ Machelle R.L. Hall
Machelle R. L. Hall (#31498)
Ryan M. Seidemann, Ph.D. (#28991)

Morgan Rogers (#38883)
Warren Bates (#39796)
Assistant Attorneys General
Louisiana Department of Justice
Civil Division, Lands & Natural Resources
P.O. Box 94005
Baton Rouge, LA 70821
Telephone:  (225) 326-6085
hallm@ag.louisiana.gov
seidemannr@ag.louisiana.gov
rogersm@ag.louisiana.gov
batesw@ag.louisiana.gov
*Counsel for State of Louisiana, through the Louisiana Wildlife and Fisheries Commission and the Louisiana Department of Wildlife and Fisheries*